IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

MAR 2 9 2010

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

EZEKIEL DAVIS, )
)
Plaintiff, )
)
v. ) No. CIV 09-092-RAW-SPS
)
JUSTIN JONES, et al., )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment [Docket #36 and #38] and plaintiff's motion for a temporary restraining order [Docket #54]. The court has before it for consideration plaintiff's complaint, the parties' motions and supplements, their responses and replies, and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of DOC who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. The defendants are DOC Director Justin Jones, OSP Warden Randy Workman, the DOC Chief Medical Officer, DOC Medical Supervisor Chester Mason, OSP Psychologists Dr. Ellington and Bruce White, and Unknown DOC Medical Staff.[1,2]

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages

Plaintiff alleges that when he was received into DOC custody in 1990, a notation was made on his Consolidated Record Card without his knowledge that he was "potentially intellectually challenged." He apparently is claiming the phrase "potentially intellectually challenged" should have put DOC on notice that he was suffering from a mental health disorder, but the defendants have been deliberately indifferent to his mental health needs by denying him a proper evaluation and treatment for 19 years. He claims he may have been suffering from a mental problem that caused him to commit misconducts, but his counselors were not qualified in behavioral science, as required by DOC policy and state law. The DOC allegedly has compounded this Eighth Amendment violation by claiming plaintiff has a history of violence with staff, which has caused additional punishment for him and denied him transfers and parole.

The defendants allege plaintiff has failed to exhaust his administrative remedies for the claims in this lawsuit. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir.

---

suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

[2] The DOC Chief Medical Officer and the Unknown DOC Medical Staff have not been served.

2

2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock*, 549 U.S. 199 (2007).

The procedure for exhausting administrative remedies is set forth in DOC Policy OP-090124, "Offender Grievance Process." An inmate first must attempt to resolve his complaint informally. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, raising only one issue in each RTS. If the complaint still is not resolved, he then may file a grievance with the facility head or the medical director (for medical issues) within 15 calendar days of the incident, or the date of the response to the RTS, whichever is later. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer, whichever is appropriate, within 15 calendar days of receipt of the reviewing authority's response or any amended response. The administrative process is exhausted only after all of these steps have been taken.

The special report [Docket #37] indicates plaintiff has been incarcerated and in the custody of the DOC since he was convicted of First Degree Murder in 1990. He was received at Oklahoma State Penitentiary on July 6, 2004, and was transferred to Davis Correctional Facility on April 28, 2009. When he initially was processed, his educational assessment indicated he was potentially intellectually challenged, and this designation was

noted on his Consolidated Record Card. The designation of "potentially intellectually challenged" is not an indication of any mental disease or disorder. Instead, it is a reflection of an evaluation of plaintiff's educational assessment. During his incarceration plaintiff has received many mental health reviews and assessments, and there has been no indication of a mental health disorder or disease.

On October 14, 2008, plaintiff submitted a Request for Medical Services, asking for the definition of "potentially mentally challenged" [Docket #37, Attachment 6 at 16]. According to the defendants' motion to dismiss, the October 20, 2008, response stated there was no indication that plaintiff suffers from a mental illness [Docket #36 at 4]. On October 24, 2008, plaintiff submitted a Request to Staff, complaining he had not received mental health care for being "potentially intellectually challenged" and alleging his numerous misconducts were related to his self-diagnosis of paranoid schizophrenia [Docket #37, Attachment 5 at 7]. The response stated that plaintiff's request was being forwarded to Dr. Ellington, OSP's clinical coordinator for mental health. *Id.* On November 12, 2008, plaintiff sent a letter to the DOC Chief Medical Officer, complaining that his Consolidated Record Card notes he is "potentially intellectually challenged," but he has not received any mental health care [Docket #37, Attachment 6 at 6]. On December 1, 2008, Dr. Ellington advised plaintiff in writing that the phrase was a designation concerning an educational assessment, not a statement of plaintiff's mental health status [Docket #37, Attachment 7 at 2]. Dr. Ellington reminded plaintiff that he had been offered medication for any mental health issues, and plaintiff's mental health and intellectual status did not excuse his past offense reports. *Id.* On December 8, 2008, plaintiff submitted a grievance concerning his Request for Medical Services [Docket #37, Attachment 5 at 5]. The grievance was returned unanswered,

because it should have been sent to Health Services [Docket #37, Attachment 5 at 2].

After a careful review of the record, the court finds plaintiff has failed to exhaust the administrative remedies for his claims, as required by 42 U.S.C. § 1997e(a). He began the process, but did not see it to completion, so this action must be dismissed.

Plaintiff also has filed a motion for temporary restraining order, alleging numerous constitutional violations by unnamed parties at Davis Correctional Facility [Docket #54]. The claims include allegations he has been harassed and attacked by correctional officers, denied medical treatment for a bump on his chin, denied photocopies, charged with a false misconduct, and celled with another inmate who has serious medical and mental disorders. None of his allegations, however, are related to the claims in this complaint, and neither Davis Correctional Facility nor its employees are defendants in this case. Therefore, plaintiff's motion for temporary restraining order is denied. He must file another lawsuit to raise these new, unrelated issues.

**ACCORDINGLY,** plaintiff's motion for temporary restraining order [Docket #54] is DENIED, the defendants' motion to dismiss for failure to exhaust administrative remedies [Docket #36] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 29th day of March 2010.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**